[Cite as *State v. Shriver*, 2011-Ohio-6469.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
|  | : | JUDGES: |  |
| STATE OF OHIO | : | William B. Hoffman, P.J. |  |
|  | : | Sheila G. Farmer, J. |  |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |  |
|  | : |  |  |
| -vs- | : | Case No. 10-AP-0003 |  |
|  | : |  |  |
|  | : |  |  |
| RODNEY SHRIVER | : | O P I N I O N |  |
| Defendant-Appellant |  |  |  |


CHARACTER OF PROCEEDING:        Criminal Appeal from Morgan County
                                Court of Common Pleas Case No.
                                09-CR-0049

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          December 13, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MARK J. HOWDYSHELL                    STEVEN P. SCHNITTKE
Prosecuting Attorney                  Schnittke & Smith
109 East Main Street                  114 S. High Street
McConnelsville, Ohio  43756           P.O. Box 542
                                      New Lexington, Ohio  43764

*Edwards, J.*

{¶1} Appellant, Rodney Shriver, appeals a judgment of the Morgan County Common Pleas Court convicting him of felonious assault (R.C. 2903.11(A)(1)) and sentencing him to seven years incarceration.

STATEMENT OF FACTS AND CASE

{¶2} Sean Haynes and Josh Reese attended college together at the University of Kentucky. Haynes is from Indiana, while Reese is from McConnelsville, in Morgan County, Ohio. On October 18, 2009, Haynes accompanied Reese on a visit home.

{¶3} While in McConnelsville, Reese and Haynes attended a party. Reese introduced Haynes to several people at the party. When Haynes attempted to shake the hand of a person he was introduced to, appellant punched him, breaking his jaw. Haynes had to have his jaw wired shut for over a month and was unable to eat solid food. He was required to withdraw from college for the semester, losing his tuition money.

{¶4} Appellant was indicted by the Morgan County Grand Jury with one count of felonious assault. The case proceeded to jury trial. At trial, appellant testified that Haynes pushed him and he punched him in self-defense. Appellant was convicted as charged. He assigns two errors on appeal:

{¶5} "I. THE CASE AGAINST DEFENDANT/APPELLANT MUST BE DISMISSED FOR FAILURE TO BRING HIM TO TRIAL WITHIN THE SPEEDY TIME STATUTE OF THE STATE OF OHIO.

{¶6} "II. THE COURT ERRED TO THE PREJUDICE AND DETRIMENT OF DEFENDANT/APPELLANT BY ADMITTING THE MEDICAL RECORDS OF THE VICTIM."

I

{¶7} Appellant argues that the court erred in overruling his motion to dismiss for violation of his right to speedy trial.

{¶8} R.C. 2945.71 provides in pertinent part:

{¶9} "(C) A person against whom a charge of felony is pending:

{¶10} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest.

{¶11} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."

{¶12} The parties agree that the triple-count provision of R.C. 2945.71(E) applies. The parties further agree that appellant was required to be brought to trial by March 29, 2010. The original trial date was set for February 23, 2010. However, appellant filed a motion to continue on February 10, 2010. Pursuant to R.C. 2945.72(H), this continuance tolled the speedy trial time:

{¶13} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

**{¶14}** "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion . . ."

**{¶15}** See also *State v. Lawless*, Muskingum App. No. CT2000-0037, 2002-Ohio-3686.

**{¶16}** Appellant's motion for a continuance was granted and the trial was continued to March 30, 2010. Thus the time was tolled until March 30, 2010. On March 31, 2010, appellant filed a second motion to continue. The motion was granted and a new trial date was set for May 25, 2010. This second motion again tolled the speedy trial time, and only one day elapsed between the time the clock began to run on March 30, 2010, and appellant's motion to continue filed on March 31, 2010. Appellant was brought to trial as scheduled on May 25, 2010.

**{¶17}** Appellant concedes that when he filed his motion to continue, the State had 45 days remaining in which to bring him to trial. Because appellant's two motions to continue tolled the speedy trial time with only one day elapsing in between, appellant was brought to trial within the time limits set forth in R.C. 2945.71 and R.C. 2945.72.

**{¶18}** The first assignment of error is overruled.

II

**{¶19}** In his second assignment of error, appellant argues that the court erred in admitting the unauthenticated medical records of Sean Haynes, as they were hearsay. The state argues the documents were not hearsay because they were not offered to prove the truth of the matter asserted therein; rather, they were offered to bolster Haynes' credibility regarding the severity of his injuries.

{¶20} Evid. R. 803(6) provides an exception to the hearsay rule for business records:

{¶21} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

{¶22} "(6) **Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

{¶23} Appellant argues that the records were not properly authenticated. We agree. Haynes was the only witness who testified concerning the authenticity of these documents, and he was not qualified to testify as to the record-keeping practices of the doctors and medical facilities who kept these records. Haynes could only testify with knowledge that these were copies of the bills and records that were given to him following treatment. Further, we disagree with the State's argument that the records weren't offered to prove the truth of the matter asserted therein. The state argues that the purpose of presenting the documents was to bolster Haynes' credibility concerning the severity of his injuries. The documents therefore were offered to prove the truth of

the matter asserted therein; namely, that Haynes was injured in the manner reflected by such documents.

**{¶24}** However, we find any error in the admission of the documents to be harmless. Crim. R. 52(A) defines harmless error:

**{¶25}** "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."

**{¶26}** The test for determining whether the admission of erroneous evidence is harmless requires the reviewing court to look at the whole record, leaving out the disputed evidence, and then to decide whether there is other substantial evidence to support the guilty verdict. *State v. Riffle,* Muskingum App. No. 2007–0013, 2007–Ohio–5299 at ¶ 36–37 (Citing *State v. Davis* (1975), 44 Ohio App.2d 335, 347, 338 N.E.2d 793).

**{¶27}** In the instant case, Haynes testified concerning the severity of his injuries. He testified that he was in a great deal of pain when he went to the hospital and swallowed so much blood that he was throwing up constantly. Tr. 163-164. He testified that the doctor showed him on the x-ray where his jaw was broken. Tr. 164. He testified that he had his jaw wired shut and could not eat solid food. Id. He had a two-hour surgery following which his jaw was wired shut for between four to five weeks, and he was in pain until about the third week following the surgery. Tr. 165. He testified that he was unable to go back to school because of the strong pain medication and the fact that he could not live on campus while unable to eat solid food. Tr. 166.

**{¶28}** Appellant did not dispute the extent of Haynes injuries, the only issue raised by appellant was self-defense. Appellant testified that it made him sick to his

stomach hearing what Haynes went through physically because he didn't mean to cause such harm, he just wanted appellant to stay away from him. Tr. 199.

**{¶29}** Based on the undisputed evidence properly admitted concerning the extent of Haynes' injury, we find that the verdict was supported by substantial evidence concerning the element of serious physical harm and any error in the admission of Haynes' medical records was harmless.

**{¶30}** The second assignment of error is overruled.

**{¶31}** The judgment of the Morgan County Common Pleas Court is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

         JUDGES

JAE/r0923

[Cite as *State v. Shriver*, 2011-Ohio-6469.]

IN THE COURT OF APPEALS FOR MORGAN COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RODNEY SHRIVER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-AP-0003 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morgan County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES